Approved: _____
KEDAR S. BHATIA
Assistant United States Attorney

Before:  THE HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York

12 MAG 12957

- - - - - - - - - - - - - - - - x
                                 :   COMPLAINT
UNITED STATES OF AMERICA         :
                                 :   Violations of
         - v. -                  :   21 U.S.C. § 846
                                 :
JOSE ROBLES, and                 :   COUNTY OF OFFENSE:
FRANCISCO JAVIER MACIAS,         :   MANHATTAN
                                 :
         Defendant.              :
                                 :
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

CIERRA SLAVKOVKSY, being duly sworn, deposes and says that she is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

COUNT ONE

1. On or about December 2, 2020, in the Southern District of New York and elsewhere, JOSE ROBLES and FRANCISCO JAVIER MACIAS, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that JOSE ROBLES and FRANCISCO JAVIER MACIAS, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that JOSE ROBLES and FRANCISCO JAVIER MACIAS, the defendants, conspired to distribute and possess with intent to distribute was 400 grams and more of mixtures and

substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

4. I am a Special Agent with the DEA. I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my conversations with law enforcement officers, my review of documents, my training and experience, and my involvement in this investigation, I have learned the following, among other things:

a. Since in or about 2019, law enforcement officers have been investigating a drug trafficking organization operating in the New York City area, among other places. As part of that investigation, on or about December 2, 2020, law enforcement officers observed a particular vehicle ("Vehicle-1") drive up to a particular house in Queens, New York ("House-1"). Vehicle-1 was driven by a particular individual ("Individual-1"). Another particular individual, later identified as FRANCISCO JAVIER MACIAS, the defendant, was in the front passenger seat.

b. When Vehicle-1 arrived at House-1, an individual later identified as JOSE ROBLES, the defendant, was standing outside. MACIAS parked Vehicle-1 outside House-1, and both MACIAS and Individual-1 exited the vehicle. ROBLES, MACIAS, and Individual-1 entered House-1.

c. Approximately two hours later, ROBLES and MACIAS exited House-1 and walked to the trunk area of Vehicle-1. There, MACIAS opened the trunk, reached into it, removed a spare tire (the "Tire"), and closed the trunk of Vehicle-1. MACIAS, carrying the Tire, walked with ROBLES away from Vehicle-1 and back to House-1.

2

d. Based on my training and experience, I have learned that individuals trafficking narcotics in vehicles often conceal those narcotics in closed, hollow parts of the vehicle, such as a spare tire. Furthermore, as noted above, MACIAS was carrying the Tire from his vehicle into House-1, which is inconsistent with the ordinary function of tires.

e. When officers approached ROBLES and MACIAS and identified themselves as law enforcement officers, ROBLES ran away from officers and MACIAS dropped the Tire. Officers subsequently placed ROBLES and MACIAS under arrest.

f. Inside the Tire, officers found hard-packed powdery substances that were wrapped in plastic (the "Tire Narcotics"). Based on my training and experience, I believe the packaging and appearance of Tire Narcotics is consistent with the packaging and appearance of unlawful controlled substances.

6. After being arrested, JOSE ROBLES, the defendant, was advised of his *Miranda* rights and voluntarily waived those rights. ROBLES then told law enforcement officers, in substance and in part, that there was approximately one kilogram of narcotics and a large quantity of United States currency in his bedroom in House-1. ROBLES gave officers verbal consent to search House-1. Inside a bedroom in House-1, law enforcement officers found a plastic-wrapped quantity of powdery substances, which based on my training and experience, match the packaging and appearance of unlawful controlled substances (the "House Narcotics"). Inside the same bedroom, officers found a bulk quantity of United States currency.

7. After being arrested, FRANCISCO JAVIER MACIAS, the defendant, was advised of his *Miranda* rights and voluntarily waived those rights. MACIAS then told law enforcement officers, in substance and in part, that he had driven that day from California to House-1, in Queens. Law enforcement officers also spoke with Individual-1, who had driven with MACIAS to House-1. Individual-1 stated that Individual-1 had driven that day with MACIAS from New Jersey, through Staten Island, to House-1.

8. Based on my training and experience, I have learned that an individual driving to Staten Island could enter Staten Island only by traveling across various bridges that connect New Jersey to Staten Island. An individual traveling from New Jersey to Staten Island would most likely travel across a bridge from New Jersey to Staten Island. Likewise, an individual traveling from Staten Island to other areas of New York would most likely travel across a bridge from Staten Island to Brooklyn. Based on my training and experience, I have learned that the waterways surrounding Staten

Island are contiguous with the Southern District of New York, and therefore fall within this judicial district.

9. Based on my conversations with other law enforcement officers and my review of law enforcement records, I have learned that the Tire Narcotics and the House Narcotics were subsequently weighed and field tested. The Tire Narcotics weighed approximately 2.2 kilograms. The House Narcotics weighed approximately 600 grams. A field test of portions of the Tire Narcotics and the House Narcotics returned a partial match for the presence of cocaine. Based on my training and experience, I have learned that the field test used by the DEA commonly does not return results for fentanyl, and a substance that actually contains fentanyl commonly will present results on a field test indicating a partial match for cocaine. Based on the results of this field test, my training and experience, my involvement in this investigation, and the appearance of the Tire Narcotics and the House Narcotics, I believe that the powdery substances likely contains fentanyl.

WHEREFORE, I respectfully request that JOSE ROBLES and FRANCISCO JAVIER MACIAS, the defendants, be imprisoned or bailed, as the case may be.

/s/ *within consent*
CIERRA SLAVKOVSKY
Special Agent
Drug Enforcement Administration

Sworn to me through the transmission of this
Complaint by reliable electronic means,
pursuant to Rule 4.1 of the
Federal Rules of Criminal Procedure,
This 3rd day of December, 2020.

*[signature]*
THE HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York

4